**UNITED STATES of America, Appellee,**

**v.**

**Filbert William JANIS, Jr., Appellant.**

**No. 95–2312.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1995.

Decided Dec. 8, 1995.

---

Gene R. Bushnell, argued, Rapid City, South Dakota, for appellant.

Diana J. Ryan, argued, Rapid City, South Dakota, for appellee.

Before HANSEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

DIANE E. MURPHY, Circuit Judge.

Appellant Filbert William Janis, Jr. pled guilty to sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a), pursuant to a plea agreement. He was sentenced by the district court[1] to 24 months imprisonment, and raises two sentencing issues on appeal. He contends that the district court erred by refusing a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and by imposing a sentencing enhancement

---

1. The Honorable Richard H. Battey, Chief United States District Judge for the District of South Dakota.

for a vulnerable victim pursuant to U.S.S.G. § 3A1.1. We affirm.

In the early morning hours of December 10, 1993, Janis sexually abused a fourteen-year-old foster child living with his family. Janis was twenty years old at the time. A family member witnessed the event, and the police were notified.

Janis pled guilty on January 9, 1995 to sexual abuse of a minor in violation of 18 U.S.C. § 2243(a), and the district court ordered the preparation of a presentence investigation report (PSR). In its plea agreement with Janis, the United States agreed to recommend a reduced sentence for acceptance of responsibility "unless there is significant evidence disclosed in the presentence investigation to the contrary."

The PSR which followed disclosed that Janis told his probation officer that "I never touched [the victim]." Janis also reportedly stated that he had agreed to plead guilty because his brother and sister would have testified against him. The probation officer recommended no adjustment for acceptance of responsibility.

The PSR also recommended a two level upward adjustment because the victim's mental handicap made her unusually vulnerable. It noted that she had been in foster homes since she was five months old, suffered from fetal alcohol syndrome, received social security benefits because of her disability, and had been diagnosed on three occasions with having an I.Q. of 65 or under. The probation officer pointed out that Janis' two sisters who lived in the same home had not been sexually abused and concluded that Janis had targeted the victim because of her unusual vulnerability.

Janis submitted some objections to the factual statements in the PSR, two of which are relevant on his appeal.[2] He claimed that he accepted responsibility by admitting that he was intoxicated on the night of the offense, that he was in the basement with the victim, and that he attempted sexual contact with her. Janis also objected to representa-

tions that the victim's I.Q. was less than 65 because he claimed other evidence indicated that her I.Q. may be higher.

The district court adopted the factual findings of the presentence report except those related to a possible upward departure for care, custody or supervisory control under U.S.S.G. § 2A3.2(b)(1). It found that Janis was not entitled to a reduction for acceptance of responsibility because he had denied having sex with or touching the victim. It noted that there was evidence of a completed sexual act, yet Janis never truthfully admitted to sexually abusing the victim. The court also enhanced his sentence for a vulnerable victim after noting the age difference between the victim and appellant and finding that the victim was below normal in mental ability, had fetal alcohol syndrome and related disorders, and was particularly susceptible to illegal conduct by household members.

Janis argues on appeal that he is entitled to a sentencing reduction for acceptance of responsibility because he admitted to attempted sexual abuse and there was no evidence of a completed rape. He argues that he is entitled to specific performance of the plea agreement which he claims bound the government to support a reduction.

The government points out that Janis had not admitted that his conduct was unlawful and denied ever touching the victim. The government argues that this information, only disclosed to it and the court in the PSR following the plea agreement, justifies its decision not to recommend a sentencing reduction.

█ A two level decrease in offense level is appropriate where the defendant "clearly demonstrates acceptance of responsibility for his offense." United States Sentencing Commission, *Guidelines Manual*, § 3E1.1(a) (Nov. 1994). The defendant bears the burden of showing a "recognition and affirmative acceptance of responsibility." *United States v. Drapeau*, 943 F.2d 27, 29 (8th Cir.1991). We review a district court's denial of an acceptance of responsibility adjustment for

---

**2.** At oral argument, counsel for Janis complained about the quality of the PSR and suggested that the probation officer and his client had not got-

ten along. He points to no specific errors in the PSR, however, other than his earlier objections.

clear error. *United States v. Makes Room,* 49 F.3d 410, 416 (8th Cir.1995).

■ The district court's finding that Janis did not accept responsibility was not clearly erroneous. Although Janis admitted to attempted sexual abuse, he told the probation officer that he never touched the victim. Medical records reflected an excoriation of the victim's posterior commissure, however, which supports the court's finding that a sexual act occurred. Janis' statements do not show a truthful admission of the conduct underlying his offense of conviction and thus do not constitute acceptance of responsibility. *See Makes Room,* 49 F.3d at 416 (defendant not entitled to acceptance of responsibility for second degree murder where he only offered to plead guilty to a charge of assault).

■ We also find no merit to Janis' argument that he was entitled to specific performance of the plea agreement. The agreement specifically states that the government need not recommend that Janis accepted responsibility if "there is significant evidence disclosed in the presentence investigation to the contrary." During the presentence investigation, Janis told his probation officer that he never touched the victim and that he only pled guilty because family members would have testified against him. Based on this information in the PSR, the government was not obligated to recommend a reduction and therefore did not breach its agreement.

■ Janis' second claim is that a vulnerable victim sentencing enhancement was not warranted. An element of the offense of sexual abuse of a minor is the age difference between the victim and defendant, and Janis argues that the court also relied on the age difference in giving the enhancement. In addition, he says that various teachers believe the victim has a higher I.Q. than 65. Finally, Janis questions the court's mention of the fact that the victim lived with his family at the time of the offense since it found Janis did not have custody over her.

The government responds that several factors justified the court's sentencing enhancement besides the age difference, including a low intelligence level, fetal alcohol syndrome, an attention deficit disorder, and a learning disability. It also argues that Janis targeted the victim because of her mental problems and vulnerable status as a foster child subject to removal.

■ Guideline Section § 3A1.1 provides that a two level increase is warranted where the defendant knew or should have known that a victim was "unusually vulnerable due to age, physical or mental condition" or "otherwise particularly susceptible to the criminal conduct." This is a factual determination subject to the clearly erroneous standard of review. *United States v. Boult,* 905 F.2d 1137, 1139 (8th Cir.1990).

The district court did not improperly double count the victim's age because it relied on a number of factors related to the victim's mental disabilities or susceptibility to criminal conduct. *See United States v. Coates,* 996 F.2d 939, 942 (8th Cir.1993) (affirming vulnerable victim enhancement for kidnapping in order to sexually abuse minors based on the age differences and the victims' small physical sizes). Although Janis notes that some of the victim's teachers believed her I.Q. was higher than her tests indicated, at least three psychological evaluations in the record concluded that the victim had an I.Q. of 65 or less. The court's finding of a learning disability is also supported by evidence that the victim attended individualized educational programs. Moreover, Janis did not challenge the victim's diagnosis of fetal alcohol syndrome, severe attention deficit, and hyperactivity disorder. The court's reliance on these factors, added to the regular contact between the victim and appellant due to their living situation, support its finding that she was particularly vulnerable to illegal conduct.

Finding no error in the district court's application of the sentencing guidelines, we affirm the judgment.