# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-1963
_____

United States of America,

        Appellee,

    v.

Josh M. Kocourek,

        Appellant.

\*   
\*   
\*   
\*    Appeal from the United States
\*    District Court for the
\*    District of South Dakota.
\*   
\*    **[UNPUBLISHED]**
\*   

_____

Submitted:    May 22, 1997
Filed:    June 10, 1997

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Josh Kocourek pleaded guilty to possessing a stolen firearm and knowingly selling a firearm to a juvenile, in violation of 18 U.S.C. § 922(j) and § 922(x)(1)(A). The district court[1] sentenced Kocourek to 30 months imprisonment and three years supervised release, and he appeals. Counsel filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967) and was granted leave to withdraw. Kocourek has filed a supplemental brief with our permission. We affirm.

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

Citing United States v. Lopez, 514 U. S. 549 (1995), Kocourek first argues that the statutes defining the crimes to which he pleaded guilty are unconstitutional exercises of jurisdiction. We review de novo the constitutionality of a statute. See United States v. McMurray, 34 F.3d 1405, 1413 (8th Cir. 1994), cert. denied, 115 S. Ct. 1164 (1995).

Section 922(j) states in relevant part that "[i]t shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm . . . which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm . . . was stolen." Section 922(x)(1)(A) makes it unlawful for a person to sell or otherwise transfer a handgun to a person who the transferor knows or has reason to believe is a juvenile.

We reject Kocourek's challenge to section 922(j) for the same reason we rejected a similar challenge to 18 U.S.C. § 922(g). See United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam) (concluding that § 922(g) contains interstate-commerce requirement that ensures, through case-by-case inquiry, that firearm in question affects interstate commerce), cert. denied, 116 S. Ct. 1364 (1996). Section 922(j) contains plain language, virtually identical to that of section 922(g), establishing an interstate-commerce requirement: the firearm in question must have been shipped or transported "in" interstate commerce. Accordingly, section 922(j) also ensures that the firearm in question affects interstate commerce.

Section 922(x)(1)(A) does not contain an interstate-commerce requirement. We conclude, however, that it may be sustained as a valid exercise of Congress's power to regulate activities that have a substantial relation to interstate commerce. See Lopez, 514 U.S. at ___, 115 S. Ct. at 1629-30; United States v. Michael R., 90 F.3d 340, 343-44 (9th Cir. 1996) (§ 922(x) regulates interstate commerce by attacking both supply and demand for firearms with respect to juveniles); cf. United States v. Monteleone,

77 F.3d 1086, 1092 (8th Cir. 1996) (18 U.S.C. § 922(d) represents legitimate exercise of Congress's commerce power because disposal of firearm--even when consummated in completely intrastate transaction--is commercial activity "'that might, through repetition elsewhere, substantially affect . . . interstate commerce'" (quoting Lopez, 514 U.S. at ___, 115 S. Ct. at 1634)).

Kocourek also argues that the district court erred in denying him an acceptance-of-responsibility adjustment under U.S. Sentencing Guidelines Manual § 3E1.1 (1995). We conclude there was no clear error, given that Kocourek falsely denied his relevant conduct until the day of sentencing.  See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.1 (a),(h)) (1995) (factors to consider); United States v. Janis, 71 F.3d 308, 310-11 (8th Cir. 1995) (standard of review); cf. United States v. Haversat, 22 F.3d 790, 799 (8th Cir. 1994) (district court did not clearly err in denying reduction where defendants continued to minimize their role in conspiracy throughout proceedings), cert. denied, 116 S. Ct. 671 (1995).

Having reviewed the record, we find no other nonfrivolous issues.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-