**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

---

No. 96-4137

---

Joan Valentine Mohamed, f/k/a　\*
Joan Valentine Kerr,　　　　　　 \*
　　　　　　　　　　　　　　　 \*
　　　　Plaintiff-Appellee,　　 \*
　　　　　　　　　　　　　　　 \*
　　　v.　　　　　　　　　　　 \*
　　　　　　　　　　　　　　　 \* Appeal from the United
States
UNUM Life Insurance Company,\* a District Court for the
Maine corporation,　　　　　　 \* District of Minnesota.
　　　　　　　　　　　　　　　 \*
　　　　　　　Defendant,\*
　　　　　　　　　　　　　　　 \*
Kevin Scott Kerr, Ivan S. Kerr,\*
Estate of,　　　　　　　　　　 \*
　　　　　　　　　　　　　　　 \*
　　　Defendants-Appellants. \*

---

Submitted:　June 9, 1997

Filed: November 14, 1997

---

Before MURPHY and HEANEY, Circuit Judges, and BOGUE,[1]
District Judge.

---

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District
of South Dakota, sitting by designation.

HEANEY, Circuit Judge.

The Estate of Ivan S. Kerr ("the estate") appeals from a district court order directing the attorney representing Joan Valentine Mohamed ("Mohamed") in an insurance policy dispute ("the UNUM matter") to return a portion of fees he received to the estate. The district court originally ordered payment of the insurance proceeds to Mohamed, from which her attorney received $93,000. Following the reversal of the district court's original order by the Eighth Circuit Court of Appeals, the district court ordered the attorney to return $62,763.09. The estate argues that McCullough should return all of the $93,000 he received for representing Mohamed in the UNUM matter. We modify the district court's order and remand with instructions.

**I.**

This matter is before us for the fourth time. The lengthy history of this case began with an action to collect life insurance proceeds in Hennepin County District Court ("the UNUM matter"). The parties removed the case to federal district court where the court awarded Mohamed $279,012.86 in insurance proceeds on July 11, 1994. On July 21st, the Clerk of Court released a check payable to Mohamed in that amount.

Previously, on November 10, 1993, Mohamed sent a proposed representation agreement ("first agreement") to her attorney, Mark McCullough. The agreement provided different levels of compensation under three different scenarios. Under the first scenario, McCullough would receive between $20,000 and $25,000 in the event that

2

Mohamed received between $250,000 and $260,000 from the estate before December 13, 1993. (Appellants' App. at 73.) The second scenario contemplated payment of "[u]p to $50,000" to McCullough, provided Mohamed received $200,000 from the life insurance policy following the pre-trial proceedings. Id. The third scenario provided a one-third contingency fee following a lengthy trial. Id. On November 11th,

McCullough responded in writing that the fee agreement was acceptable and that he was "certain [Mohamed and McCullough] can be flexible and fair in the event different scenarios arise." (Court's Exhibit 2.)

Following the district court's July 11th order, Mohamed and McCullough entered into another agreement ("second agreement") under which McCullough received $93,000. The agreement provided that $8,000 of that amount created a trust to cover McCullough's fees for representing Mohamed in the closing of Ivan Kerr's estate. (Appellant's App. at 32.) Additionally, if the net value of Ivan Kerr's estate exceeded $50,000, McCullough would receive twenty-five percent of the proceeds received by Mohamed over $25,000 in addition to the $8,000 in trust. Further, the parties considered Mohamed's bill for McCullough's prior services on an unrelated case, Mohamed v. My Tyme ("My Tyme case"), to be paid in full. Id. Finally, the agreement provided that Mohamed was to pay McCullough at the rate of $60 per hour plus costs, on a monthly basis, for future legal services on the My Tyme case, and fifteen percent of any recovery over the $11,000 Mohamed had already received in relation to the My Tyme litigation. Id.

The estate appealed the district court's July 11th order awarding the insurance proceeds to Mohamed on August 4, 1994 and filed an untimely motion for a stay on August 5th. The district court denied the motion for a stay on September 6, 1994. We summarily affirmed the district court's denial of the stay. Mohamed v. Kerr, No. 94-2953 MNMI, slip op. (8th Cir. Oct. 27, 1994).

4

On April 27, 1995, we reversed the district court's July 11th order and remanded the case for entry of judgment in favor of the estate. Mohamed v. Kerr, 53 F.3d 911, 917 (8th Cir. 1995) ("Mohamed II"). The district court entered judgment for the estate pursuant to Mohamed II on May 18, 1995, and ordered Mohamed to return the full proceeds of the life insurance policy to the Clerk of Court. The district court's order expressly reserved ruling on the estate's motion seeking to compel McCullough to

return fees paid to him for his work in the UNUM matter. On July 5, 1995 and on several subsequent occasions, Mohamed filed voluntary petitions for bankruptcy. Based on Mohamed's bankruptcy filings, the district court ordered a stay of all proceedings against Mohamed's assets pursuant to 11 U.S.C. § 362(a)(2) on July 31, 1995.

On July 13, 1995, the district court denied a motion by the estate to force McCullough to return any payment he received for representing Mohamed in the UNUM matter. On August 2, 1996, we reversed the district court and remanded the case for a determination of what portion of the $93,000 retained by McCullough represented a contingency fee payment. Mohamed v. Kerr, 91 F.3d 1124, 1127 (8th Cir. 1996) ("Mohamed III").

On remand, the district court determined that the first agreement represented the parties' agreement with respect to fees, and that the second agreement between Mohamed and her counsel supplemented the first agreement. Based on the second agreement and other evidence presented, the district court determined that $50,000 represented a contingency fee in the original dispute over insurance proceeds. The court further found that of the remaining $43,000, McCullough had earned $8,000 for work associated with the Ivan Kerr estate; $4,236.61 for the work on the My Tyme case prior to the second agreement; and an additional $18,000 for work on the My Tyme case performed after the agreement, including the percentage owed to McCullough for a recovery above $11,000 as specified in the agreement. The district court found that the remaining $12,763.09 of the $93,000

6

paid to McCullough, being unearned by counsel, belonged to Mohamed and subject to return to the estate. The district court then ordered that the contingency amount of $50,000 and the remaining $12,763.09, together with interest, be paid by McCullough to the estate. The estate challenges the district court's determination that $50,000 represents the contingency portion of the $93,000 and assert that McCullough received the entire $93,000 as a

contingency payment for the UNUM matter.  We modify the district court's order and remand with instructions.

## II.

Under Minnesota law, we review de novo whether a contract is ambiguous.  <u>Maurice Sunderland Architecture, Inc. v. Simon</u>, 5 F.3d 334, 337 (8th Cir. 1993) (citation omitted).  If a contract is unambiguous, we review the district court's interpretation de novo.  <u>Id</u>. (citation omitted).  If the contract is ambiguous, the meaning of the contract becomes a question of fact, <u>id</u>. (citation omitted); and we reject the district court's findings of fact only if they are clearly erroneous.  <u>Friends of the Boundary Waters v. Thomas</u>, 53 F.3d 881, 885 (8th Cir. 1995) (citation omitted).

As we noted in <u>Mohamed III</u>, a person who, to comply with a judgment of a court, confers a benefit on another person or has property taken by the judgment is entitled to restitution if the judgment is reversed or vacated if restitution is equitable.  91 F.3d at 1126; <u>see</u> <u>Atlantic Coast Line R.R. v. Florida</u>, 295 U.S. 301, 309 (1935). Equity is not served, however, by restitution from a third party who received proceeds of the judgment in good faith as payment of a debt.  <u>Mohamed III</u>, 91 F.3d at 1126 (citations omitted).  Therefore, the proper inquiry is whether McCullough was a good-faith payee when he received a portion of the proceeds from the district court's first order.  If McCullough accepted the proceeds as payment of a fee contingent on the judgment, then it is equitable to require McCullough to return the payment as restitution upon reversal.  <u>See</u> <u>id</u>.  Whether the

8

payment to McCullough constituted payment of a contingency fee turns on the agreement between Mohamed and her counsel.

The district court determined that although it did not address the issue of costs, the first agreement between the parties constituted the parties' agreement with respect to fees. While we agree with the district court that the parties intended the first agreement to address fees, that agreement does not provide for the scenario under

9

which the case was resolved.  Mohamed owed a $50,000 contingency fee if she recovered $200,000 after the pre-trial stage of the action.  (Appellant's App. at 73.)  Likewise, Mohamed owed a one-third contingency fee if she recovered after a "[l]engthy [t]rial."  <u>Id</u>.  As it happened, Mohamed recovered more than $200,000 after the proceedings had moved well beyond pre-trial, but far short of a "lengthy trial."  Therefore, the events of this case do not fit neatly within any scenario described in the first agreement.

We note that the parties agreed to be "flexible and fair" if a different scenario arose.  <u>See</u> Court's Exhibit 2.  We conclude that the parties' second agreement modified the first agreement, because the resolution of the UNUM matter did not fit squarely within the scenarios described in the first agreement and the language of the second agreement is unambiguous.  The second agreement states that the "attorney's fees and costs on the <u>Mohamed v. UNUM</u> case, which resulted in a gross recovery of $279,012.86, shall be $93,000.00."  (Appellant's App. at 32.)  In calculating McCullough's fees, the agreement provides for the creation of an $8,000 trust for future fees and the forgiveness of McCullough's fees previously earned in the <u>My Tyme</u> case, which the district court found to be $4,236.91.  We hold that although the contract clearly states that the $93,000 McCullough received was a contingency payment for his representation in the UNUM matter, McCullough released Mohamed's obligations of $8,000 in future fees and $4,236.91 in fees for prior representation in the <u>My Tyme</u> case as a good-faith payee.

The district court interpreted the second agreement as providing McCullough  with a $50,000 contingency fee and an $8,000 trust for work relating to Ivan Kerr's estate, forgiving fees earned on My Tyme, and leaving the balance of money belonging to the estate to pay fees for future work on My Tyme and other fees owed under the agreement.  We disagree with the district court's interpretation for three reasons.  First, the second agreement clearly states that the money McCullough received was for the fees and costs of the UNUM representation.  Second, the agreement specifically

provided a trust for future fees and costs for representing Mohamed in the closing of Ivan Kerr's estate, but it did not provide such a trust for future <u>My Tyme</u> fees and costs, nor did the agreement include a statement that the parties intended those fees and costs to be paid out of the $93,000. Third, the contingency arrangements for the <u>My Tyme</u> case and the closing of Ivan Kerr's estate under the second agreement had the potential to exceed the balance of what the district court considered to be money belonging to the estate. We believe the parties intended those fees and costs to be paid out of proceeds received in those matters.

McCullough is entitled to retain $12,236.91 as a payment taken in good faith and the estate is entitled to the return of the remaining $80,763.09. We agree with the remainder of the district court's order, including the determination that McCullough must pay interest on the amount owed to the estate by McCullough calculated from October 25, 1996 at the legal rate under 28 U.S.C. § 1961.

### III.

For the foregoing reasons, we modify the order of the district court and remand the matter with instructions to direct McCullough to return $80,763.09 plus interest to the estate.

A true copy.

    Attest.

12

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.