United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2830

_____

United States of America,      *
                                 *

        Appellee,         *

                                 *

                                 * Appeal from the United States

    v.                     * District Court for the

                                 * District of South Dakota.

Gerald Lee,               *

                                 *       [UNPUBLISHED]

        Appellant.       *

_____

Submitted:  March 26, 1998

Filed:   March 27, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

After Gerald Lee pleaded guilty to sexually abusing a minor, in violation of 18 U.S.C. §§ 1153, 2243(a), 2246(2), and 2, the district court[1] sentenced him to 21 months imprisonment and two years supervised release. On appeal, Lee argues that the district court clearly erred in applying a vulnerable-victim enhancement. We affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

The Guidelines provide for a two-level enhancement where the defendant "knew or should have known that a victim of the offense was unusually vulnerable due to . . . mental condition." See U.S. Sentencing Guidelines Manual § 3A1.1(b) (1997). We conclude that the court did not clearly err in determining the enhancement was warranted. See United States v. Janis, 71 F.3d 308, 311 (8th Cir. 1995) (standard of review). Testimony at the sentencing hearing indicating that the minor has an I.Q. of 65, is incapable of making rational decisions, functions as a 10-year-old, and has fetal-alcohol syndrome supports a finding that Lee should have known the minor was unusually vulnerable for her age. See id. 310-11 (application of § 3A1.1 enhancement not clearly erroneous where defendant was 14, and had I.Q. around 65, fetal-alcohol syndrome, severe attention deficit, and hyperactivity disorder). Contrary to Lee's contention, neither his intention to marry the minor, their long-standing relationship, nor the fact that they have a child, precludes application of the enhancement. See U.S. Sentencing Guidelines Manual § 3A1.1(b) (1997).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.