# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1059

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  District of Minnesota. |
| Joan Valentine Mohamed, also known | * |
| as Joan Valentine and Joan Valentine | * |
| Kerr, | * |
| | * |
| Appellant. | * |

_____

Submitted: October 19, 1998
Filed: November 18, 1998

_____

Before BOWMAN, Chief Judge, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

BOWMAN, Chief Judge.

Pursuant to a written plea agreement, Jean Valentine Mohamed pleaded guilty to committing one count of bankruptcy fraud in violation of 18 U.S.C. § 152 (1994). The District Court[1] calculated Mohamed's sentence pursuant to the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") and sentenced her to 24 months

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

of incarceration. Mohamed appeals, claiming the District Court erred when it relied on factual findings in her presentence investigative report ("PSR") to which she had objected. Mohamed argues this error resulted in the improper imposition of a two-level enhancement for violation of a judicial order, injunction, decree, or process, and the improper denial of a three-level reduction for acceptance of responsibility. We affirm.

I.

The underlying facts of this case have been set forth by this Court in a number of previous opinions, see, e.g., Mohamed v. Kerr, 53 F.3d 911, 912-13 (8th Cir.) (Mohamed II), cert. denied, 516 U.S. 868 (1995);[2] Mohamed v. Kerr, 91 F.3d 1124, 1125 (8th Cir. 1996) (Mohamed III); therefore, we provide only those facts relevant to this opinion. In July 1994, a federal district court granted Jean Valentine Mohamed summary judgment, thereby awarding her more than $260,000 in life insurance proceeds paid on the death of her ex-husband, Ivan Kerr. No stay having been requested, the insurance proceeds were turned over to Mohamed. Nine months later, this Court in Mohamed II reversed the judgment of the district court and, remanding the case, ordered the district court to enter summary judgment in favor of Ivan Kerr's estate. See Mohamed II, 53 F.3d at 917. The district court then entered summary judgment in favor of Ivan Kerr's estate, and ordered Mohamed to repay the proceeds to the estate. When Mohamed did not pay, her stepson Kevin Kerr ("Kerr"), personal

---

[2]For the sake of consistency, we maintain the numbering system used in the earlier opinions of this Court to refer to opinions involving defendant Mohamed. Therefore, the full numerical order of the cases is as follows: Mohamed I refers to Mohamed v. Kerr, No. 94-2953 (8th Cir. Oct. 27, 1994) (unpublished); Mohamed II refers to Mohamed v. Kerr, 53 F.3d 911 (8th Cir.), cert. denied, 516 U.S. 868 (1995); Mohamed III refers to Mohamed v. Kerr, 91 F.3d 1124 (8th Cir. 1996); Mohamed IV refers to Mohamed v. UNUM Life Ins. Co., 116 F.3d 480 (8th Cir. 1997) (table); and Mohamed V to Mohamed v. UNUM Life Ins. Co., 129 F.3d 478 (8th Cir. 1997). This Court has also decided a sixth related case, Kerr v. Valentine, No. 97-3615 (8th Cir. July 14, 1998) (unpublished).

representative and a beneficiary of Ivan Kerr's estate, moved the district court and obtained three orders, two in May 1995 and a third in January 1996 ("the May 1995 and January 1996 orders"), to enforce the district court's judgment in the estate's favor and to prevent Mohamed from dissipating her assets.

Mohamed, however, did not comply with the May 1995 and January 1996 orders and has not repaid Ivan Kerr's estate. Instead, according to the indictment, Mohamed engaged in a series of transactions (such as transferring assets to her husband or converting her assets to traveler's checks and smuggling them out of the country) to conceal the remaining insurance proceeds and her other assets from Kerr.[3]

Mohamed also sought to prevent the estate from collecting on the district court's judgment by filing four bankruptcy petitions between July and October 1995. In the first of these petitions, according to uncontroverted factual allegations in the PSR, Mohamed failed to disclose cash and other assets in her possession and recent transfers of funds she had made to her husband.

In May 1997, a federal grand jury returned an eighteen-count indictment against Mohamed. Count I of this indictment alleged that Mohamed knowingly and fraudulently made false statements in her first bankruptcy petition in violation of 18 U.S.C. § 152 (1994). The remaining counts dealt with Mohamed's conduct in concealing whatever remained of the life insurance proceeds and her other assets after this Court issued its opinion in Mohamed II. These counts asserted that Mohamed committed mail fraud (Counts II to VI), wire fraud (Count VII), money laundering (Counts VIII to XII), failure to report monetary instruments (Counts XIII and XIV),

---

[3]Mohamed denies that the assets she was concealing could be traced to the insurance proceeds. She claims she spent all the insurance proceeds in the nine-month period between the district court's summary judgment and the reversal of that judgment in Mohamed II.

and perjury (Counts XV to XVIII), all as part of a scheme to prevent Kerr from enforcing Mohamed II. The indictment also included a forfeiture count.

In July 1997, less than one week before trial, Mohamed entered into a written plea agreement with federal prosecutors. Pursuant to this agreement, Mohamed pleaded guilty to Count I, bankruptcy fraud, and the government moved for dismissal of all other counts in the indictment at sentencing.

A federal probation officer then prepared the PSR, to which Mohamed raised three objections. First, Mohamed contested the amount of loss her bankruptcy fraud had caused. Second, Mohamed objected on two grounds to the PSR's finding she had violated a judicial order. Mohamed argued that the court orders she had allegedly violated, the May 1995 and January 1996 orders, were not relevant to the bankruptcy fraud count to which she had pleaded guilty. She also denied in various manners the factual allegations in the PSR concerning her alleged dissipation of assets and violation of the May 1995 and June 1996 orders. See, e.g., Defendant's Position Regarding Sentencing Factors, at 5 (Nov. 28, 1997) (denying that "Mohamed knowingly violated [May 1995 and January 1996] orders"); Sentencing Tr. at 8 (reporting Mohamed's attorney denied "that there was a knowing violation of a court order"); id. at 34-35 (reiterating Mohamed's objection "to the factual statements of the [PSR] to the extent that they related to the insurance proceeds and whatever it is that happened to them," but indicating the defendant had no objection to the allegations "related to the bankruptcy fraud"). Third, Mohamed argued that she should receive a three-level reduction for acceptance of responsibility.

After hearing Mohamed's arguments on these three points, the District Court determined that Mohamed should be sentenced to 24 months of incarceration, followed by a three-year period of supervised release. To arrive at its determination of the appropriate period of incarceration, the District Court adopted the parties' stipulation in Mohamed's plea agreement that the base offense level for bankruptcy fraud was 6.

See U.S. SENTENCING GUIDELINES MANUAL § 2F1.1(a) & App. A (1997). The District Court also adopted the parties' stipulation that more than minimal planning was involved in the offense, resulting in an additional two-level enhancement. See id. § 2F1.1(b)(2). Then, resolving a dispute between the parties, the District Court determined that the amount of loss caused by the defendant's bankruptcy fraud was $132,827, the amount of assets she had concealed in her first bankruptcy petition. This amount-of-loss determination resulted in a seven-level enhancement. See id. § 2F1.1(b)(1)(H). These rulings have not been appealed.

The District Court made two other sentencing determinations that are at issue in this appeal. First, the District found Mohamed should receive a two-level enhancement pursuant to U.S.S.G. § 2F1.1(b)(3)(B) for violating a judicial or administrative order.[4] Second, the court found that Mohamed should not receive a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

After making these findings, the District Court calculated the relevant offense level to be 17: a base offense level of 6, plus seven levels for the amount of loss ($132,827), plus two levels because the offense involved more than minimal planning, plus two levels for violation of a judicial order. Mohamed's criminal history putting her in Category I, the Guidelines sentencing range was 24 to 30 months. The District Court sentenced her at the bottom of this range (24 months). The District Court also ordered that Mohamed pay restitution to Kevin Kerr in the amount of $132,827. Mohamed then filed this appeal.

---

[4]Guideline § 2F1.1(b)(3)(B), in relevant part, reads as follows: "If the offense involved . . . violation of any judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines, increase by **2** levels." U.S. SENTENCING GUIDELINES MANUAL § 2F1.1(b)(3)(B) (1997).

II.

On appeal, Mohamed first argues the District Court erred when it assessed a two-level sentence enhancement for violating the judicial process. Because this challenge focuses on the application or construction of the Guidelines, we review the District Court's actions de novo. See United States v. Wells, 127 F.3d 739, 744 (8th Cir. 1997).

Mohamed's claim that she should not have received a two-level enhancement for violating a court order involves two arguments. First, Mohamed argues that the court orders she allegedly violated, the May 1995 and January 1996 orders, were not relevant to the bankruptcy fraud, the only count to which she pleaded guilty. Mohamed claims that those court orders instead were relevant only to Counts II-XVIII of the indictment, counts to which Mohamed did not plead guilty, and should not be considered when determining an appropriate sentence for her conviction on Count I. Second, Mohamed argues that her statements that she denied the factual allegations in the PSR had sufficient specificity and clarity to trigger the District Court's obligation to either state it would not rely on the disputed allegations or to hold an evidentiary hearing and require the government to prove the validity of those allegations. See United States v. Wajda, 1 F.3d 731, 732 (8th Cir. 1993) (requiring that, if the defendant objects to a factual allegation in the PSR with specificity and clarity, a district court must make a factual finding based on evidence and cannot merely rely on the contested allegation); see also United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994) (stating that, if a defendant objects to factual allegations in the PSR, the court "must either state that the challenged facts will not be taken into account at sentencing, or it must make a finding on the disputed issue") (quoting United States v. Hammer, 3 F.3d 266, 272-73 (8th Cir. 1993), cert. denied, 510 U.S. 1139 (1994)). Mohamed argues that because the District Court did not hold an evidentiary hearing on these factual allegations and did not state that those allegations would not be considered when determining the appropriate sentence, her case must be remanded for resentencing.

We need not address either of these claims, however, because as a matter of law the offense of concealing assets on a bankruptcy petition warrants, without more, a two-level enhancement pursuant to U.S.S.G. § 2F1.1(b)(3)(B) for violation of judicial process. Guidelines § 2F1.1(a) establishes a single base offense level for a wide range of fraud-related offenses. When a defendant conceals assets on a bankruptcy petition, thereby committing bankruptcy fraud, the defendant's "abuse of the bankruptcy process makes her more culpable, and thus distinct from, others who have committed offenses under § 2F1.1." United States v. Cheek, 69 F.3d 231, 233 (8th Cir. 1995). Because of the increased culpability when a defendant conceals assets from bankruptcy court officers and thus hinders the bankruptcy process, six other circuits agree with this Court's decision in United States v. Lloyd, 947 F.2d 339, 340 (8th Cir. 1991), that the act of concealing assets when filing a bankruptcy petition suffices to warrant a two-level sentencing enhancement under U.S.S.G. § 2F1.1(b)(3)(B). See United States v. Guthrie, 144 F.3d 1006, 1010 (6th Cir. 1998); United States v. Saacks, 131 F.3d 540, 545-46 (5th Cir. 1997); United States v. Messner, 107 F.3d 1448, 1457 (10th Cir. 1997); United States v. Welch, 103 F.3d 906, 908 (9th Cir. 1996); United States v. Michalek, 54 F.3d 325, 332-33 (7th Cir. 1995); United States v. Bellew, 35 F.3d 518, 520 (11th Cir. 1994). But see United States v. Shadduck, 112 F.3d 523, 531 (1st Cir. 1997) (declining to determine if it will follow Lloyd and its progeny until the district court first rules on the issue); United States v. Carrozzella, 105 F.3d 796, 799-802 (2d Cir. 1997) (disagreeing with the holding in Lloyd). Therefore, because Mohamed admits she concealed assets in her first bankruptcy petition, see Sentencing Tr. at 8, the District Court was correct in imposing a two-level enhancement on Mohamed's sentence for violation of the judicial process.

## III.

Mohamed also argues that the District Court erred when it refused to give her a three-level sentencing reduction for acceptance of responsibility. In order to receive a reduction for acceptance of responsibility, Mohamed had the burden of showing her acceptance of responsibility for her offense. See United States v. Janis, 71 F.3d 308, 310 (8th Cir. 1995). A defendant is not entitled to a reduction merely because she pleaded guilty. See U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, Application Note 3 (1997); United States v. Byrd, 76 F.3d 194, 196 (8th Cir. 1996). Nor must a court reduce a defendant's sentence merely because the defendant simply recites "the appropriate litany of remorse." United States v. Mabry, 3 F.3d 244, 250 (8th Cir. 1993) (quoting United States v. Speck, 992 F.2d 860, 862 (8th Cir. 1993)), cert. denied, 511 U.S. 1020 (1994). Rather, whether a defendant has made the necessary affirmative showing that she has accepted responsibility for her criminal acts "is largely a factual question that turns on issues of credibility, and we therefore reverse such a decision only if it is clearly erroneous." United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997). This Court affords great deference to the district court, which is in a unique position to evaluate whether or not the defendant has accepted responsibility for her conduct. See id.

Mohamed claims she was entitled to a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility because she "made a full discussion of the facts," "fully acknowledged making knowing misstatements in that petition to [the district] court and to the probation officer," and "truthfully and forthrightly and thoroughly acknowledged the conduct underlying the offense." Sentencing Tr. at 8. Mohamed also argued that she was entitled to an additional third level of reduction because her guilty plea allowed the government to avoid trial preparation and permitted the court to allocate its resources efficiently. See U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(b) (1997).

The District Court rejected Mohamed's arguments for a three-level sentencing reduction, citing the following reasons:

> The court finds that defendant has not demonstrated the requisite regret for the crime committed.  Defendant agreed to plead guilty to Count I of the indictment, bankruptcy fraud, that did not identify Kevin Kerr as the victim of defendant's acts.  In addition, she refused to have the $36,970 seized from her transferred directly to Mr. Kerr, and continues to insist, as evidenced by the balance sheet and statements in the presentence investigation, that she spent all of the insurance proceeds prior to the 8th Circuit decision finding Mr. Kerr to be the rightful beneficiary of the [life insurance] policy.  Under these circumstances, the court finds a reduction for acceptance of responsibility to be unwarranted. While the presentence investigation report indicates that defendant has stated that she regrets her conduct and is quite sorry for it, the court finds that this evidence of regret is outweighed by conduct inconsistent with an acceptance of responsibility.

United States v. Mohamed, No. CR 97-157(1), at 3 (Dec. 22, 1997) (Court's Application of Guidelines to Facts); see also Sentencing Tr. at 25-26.

On appeal, Mohamed argues this Court should reverse the District Court's determination because the District Court denied the reduction "based on the allegations of wrongdoing with respect to the [life insurance] proceeds."   Brief of Appellant at 10. Mohamed argues these allegations "were, at most, part of the relevant conduct to the offense of conviction."  Id.  Mohamed also renews her argument that, because she objected to the factual allegations in the PSR concerning her alleged misuse of the insurance proceeds, the District Court could not rely on disputed allegations of such wrongdoing in determining her sentence.  See id.

We find, however, that the District Court did not clearly err when it refused to reduce the level of Mohamed's offense for acceptance of responsibility.  As the District

Court noted, Mohamed did not offer evidence that she has identified Kerr as the "victim" of her crimes, nor has she sought promptly to reveal additional assets or to repay Ivan Kerr's estate after judgment was rendered against her more than four years ago. In these circumstances, we do not find the District Court clearly erred when it suggested that Mohamed's admissions were merely an incantation of remorse, not supported by her conduct, and thus concluded that she is undeserving of a reduction for acceptance of responsibility.

IV.

For the reasons stated above, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.