# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3479

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Leon Bell, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 19, 1999

Filed: March 26, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Leon Bell, Jr., appeals from the final judgment entered in the United States District Court[1] for the Eastern District of Arkansas after he pleaded guilty to affecting commerce by robbery, in violation of 18 U.S.C. § 1951; and to using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced appellant to two consecutive terms of 60 months imprisonment, plus 3 years of supervised release. For reversal appellant

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

argues the district court erred in not granting him an acceptance-of-responsibility reduction under U.S. Sentencing Guidelines Manual § 3E1.1 (1998).

The district court's decision whether to grant such a reduction "is afforded great deference and will not be disturbed unless it is clearly erroneous." United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995); see U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.5) (1998). After carefully reviewing the record, we conclude the court did not clearly err in finding Bell had not met his burden of demonstrating that he had accepted responsibility, given Bell's vague admission to the probation officer about his offense conduct and his failure to add anything of substance when addressing the court at sentencing. See United States v. Mohamed, 161 F.3d 1132, 1136 (8th Cir. 1998) (defendant not entitled to reduction merely because she pleads guilty), petition for cert. filed, No. 98-8243 (U.S. Feb. 16, 1999); United States v. Hawkins, 78 F.3d 348, 352 (1996) (voluntarily admitting involvement in offense does not automatically entitle defendant to reduction), cert. denied, 117 S. Ct. 126 (1996); United States v. Byrd, 76 F.3d 194, 196-97 (8th Cir. 1996) (discussing burden); cf. United States v. Chevre, 146 F.3d 622, 625 (8th Cir. 1998) (defendant may receive reduction if he demonstrates recognition and affirmative responsibility for offense and sincere remorse).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-