# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1371

_____

United States of America,  *
            *
    Appellee,  * Appeal from the United States
          * District Court for the District
  v.       * of Nebraska.
           *
Malcolm Tyndall,   *   [UNPUBLISHED]
           *
    Appellant.  *

_____

Submitted: October 7, 2002

Filed: October 9, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Malcolm Tyndall, an Indian, pleaded guilty to abusive sexual contact with a minor, also an Indian, in violation of 18 U.S.C. § 1153 and § 2244(a)(3) (2000). According to the terms of the plea agreement, the Government agreed to drop charges related to Tyndall's sexual abuse of a second victim, but Tyndall admitted the offense would count as relevant conduct when determining his sentence, and the Government agreed to offer a nonbinding sentencing recommendation at the low end of the U.S. Sentencing Guidelines Manual range. The presentence investigation report (PSR) did not recommend a reduction for acceptance of responsibility because although Tyndall

admitted touching the minor's breasts, buttocks, and inner thigh on multiple occasions, he claimed the contact was accidental or unintentional. Tyndall did not object to the PSR. At the sentencing hearing, the Government recommended a sentence at the low end of the guidelines range of fifteen to twenty-one months in prison, consistent with the plea agreement. The district court[*] sentenced Tyndall to fifteen months in prison. Tyndall now appeals.

Tyndall first claims the district court mistakenly refused to grant him a two-level reduction for acceptance of responsibility. Because Tyndall did not object to the lack of reduction for acceptance of responsibility in the district court, we review for plain error. United States v. Wajda, 1 F.3d 731, 732-33 (8th Cir. 1993). Tyndall has the burden of showing he accepted responsibility for his offense. United States v. Mohamed, 161 F.3d 1132, 1136 (8th Cir. 1998). A defendant is not entitled to a an acceptance of responsibility reduction merely because he pleaded guilty. Id. Here, Tyndall's victim was the granddaughter of the woman he had been living with for ten years. Tyndall was observed exiting the minor's room in the middle of the night. Tyndall explained that he was replacing an object he had heard fall from a shelf or checking to see if the minor had taken any of his white tee shirts. Although he admitted committing the crime, he claims that repeated incidents of sexual touching over a two-to-three year period were accidental. We find no error in the conclusion Tyndall has not fully accepted responsibility for his offense and is not deserving of the two-level reduction. See United States v. Janis, 71 F.3d 308, 310-11 (8th Cir. 1995).

Second, Tyndall claims the Government breached the plea agreement by not recommending the reduction for acceptance of responsibility. Tyndall further seeks to withdraw his guilty plea because of the Government's alleged breach. See United

---

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

States v. Mitchell, 136 F.3d 1192, 1194 (8th Cir. 1998) (noting remedies for breach of plea agreement are specific performance or permission to withdraw plea), cert. denied, 122 S. Ct. 129 (2001). Having reviewed the plea agreement de novo, we conclude the Government was obligated to recommend a sentence at the low end of the guidelines range, but was not required to recommend a reduction for acceptance of responsibility. See United States v. Has No Horses, 261 F.3d 744, 750 (8th Cir. 2001) (standard of review), cert. denied, 122 S. Ct. 1114 (2002). The Government, in fact, recommended a sentence at the low end of the applicable guidelines range. Thus, the Government did not breach the agreement, and Tyndall is not entitled to withdraw his guilty plea.

We thus affirm Tyndall's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.