# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3720

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Arteria Louise Watson, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 18, 2004
Filed: December 7, 2004

_____

Before MURPHY, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Arteria Louise Watson pled guilty to one count of making false statements in bank records, in violation of 18 U.S.C. § 1005. On appeal, she challenges the district court's[1] refusal to grant her a three-level reduction in her offense level in recognition of her acceptance of responsibility. We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

Watson worked as a vault teller for Signal Bank in Minnesota. In December of 2000, she began to steal money from the vault, and created false transaction reports to account for the missing money. Watson's misconduct was uncovered by an internal audit of the bank, and she was suspended on January 16, 2002. By that time, Watson had stolen about $570,000 from the bank.

Watson was indicted on ten criminal counts related to her theft. She reached an agreement with the government, whereby she pled guilty to one count of making false statements in bank records in exchange for dismissal of the remaining nine counts. Watson's plea agreement required her to "cooperate[] fully during the preparation of the presentence report, including an asset investigation." (Plea Agreement and Sentencing Stipulations at 5.) At the change of plea hearing, the district court reminded Watson that she must "cooperate fully as we go forward doing a presentence report and an asset investigation." (Change of Plea Hr'g at 11.) Both the plea agreement and the change of plea hearing reflect Watson's understanding that if she assisted in the investigation, the government would recommend a reduction in her offense level due to her acceptance of responsibility.

Prior to sentencing, Watson had meetings with both a presentence investigator and a government attorney. Watson was not able to detail the stream of ill-gotten gains to the satisfaction of either the government attorney or the presentence investigator. Watson accounted for roughly $200,000 of the money, but could not identify what happened to the remaining $370,000. Because the presentence investigator did not believe Watson had truthfully admitted the conduct comprising her offense, she did not recommend an acceptance of responsibility reduction for Watson. The district court accepted the presentence report's denial of the reduction, and sentenced Watson to 46 months of imprisonment.

A defendant may receive an offense-level reduction if he or she "clearly demonstrates acceptance of responsibility" for the offense. USSG § 3E1.1(a); United

States v. Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997). While entry of a guilty plea is strong evidence of a defendant's acceptance of responsibility, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." USSG § 3E1.1, comment. (n.3); United States v. Mohamed, 161 F.3d 1132, 1136 (8th Cir. 1998). Rather, the district court must take into consideration such circumstances as whether the defendant has truthfully admitted the conduct comprising the offense and voluntarily assisted in the recovery of the fruits of the offense in determining whether the totality of the defendant's conduct establishes acceptance of responsibility. See generally USSG § 3E1.1, comment. (n.1). We review the decision to grant or deny an acceptance of responsibility reduction for clear error. Ngo, 132 F.3d at 1233; see also United States v. Nguyen, 339 F.3d 688, 690 (8th Cir. 2003) ("A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation."); United States v. Evidente, 894 F.2d 1000, 1002 (8th Cir. 1990) ("The question of whether a defendant has accepted responsibility is a factual one, depending largely on credibility assessments by the sentencing judge, who can far better evaluate the defendant's acceptance of responsibility than can a reviewing court.").

We find no error in the district court's denial of an acceptance of responsibility adjustment in this case. Throughout the criminal proceedings, Watson was aware that she would be required to assist authorities with the recovery of her ill-gotten gains. Indeed, she acknowledged as much when she signed her plea agreement. When, at the change of plea hearing, the district court directly asked Watson what happened to the stolen money, Watson's lawyer interjected, stating "we're going to sit down with probation and the United States Attorney's Office and tell them exactly where all of that [went]." (Change of Plea Hr'g at 26.) When Watson met with probation and the government, however, she could only account for roughly $200,000, leaving the whereabouts of the other $370,000 a mystery. We cannot fault the district court for disbelieving Watson's story that she spent well over a half-million dollars in just

over a year's time, but could not recall what she spent most of the money on. Watson's conduct was inconsistent with acceptance of responsibility. Accord United States v. Mohamed, 161 F.3d at 1136-37 (affirming denial of an acceptance of responsibility adjustment where the defendant failed to assist the government in recovering the fraud victim's insurance proceeds). We thus affirm the district court's refusal to grant Watson an offense level reduction for acceptance of responsibility.

_____