**UNITED STATES of America,**
**Appellee,**

v.

**William Henry MALONE,**
**Jr., Appellant.**

**No. 04–2751.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 25, 2005.

Decided March 2, 2005.

John Ray White, John Ray White, U.S. Attorney's Office, Little Rock, AR, for Plaintiff–Appellee.

Christopher A. Tarver, Omar F. Greene, II, Federal Public Defender's Office, Little Rock, AR, William Henry Malone, Jr., Federal Correctional Institution, Forrest City, AR, for Defendant–Appellant.

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

PER CURIAM.

William Henry Malone appeals the sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Malone argues the district court erred in not granting an acceptance-of-responsibility reduction because (1) evi-

---

2. Killings's motion to supplement the record on appeal is granted.

1. The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

dence of his acceptance of responsibility was not overcome merely by the timing of his guilty plea, and (2) whether he had accepted responsibility should have been submitted to a jury.

We conclude Malone's arguments have no merit. First, the district court, in denying the acceptance-of-responsibility reduction, did not increase Malone's sentence beyond the presumptive Sentencing Guidelines imprisonment range—it merely denied him a potential sentencing decrease. Thus, no Sixth Amendment concerns are implicated. *Cf. United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (facts that increase defendant's sentence beyond maximum authorized by those facts established by guilty plea or verdict, must be either admitted by defendant or submitted to jury); *United States v. McQuay,* 7 F.3d 800, 802–03 (8th Cir.1993) (requiring defendant to incriminate self to obtain benefit of acceptance-of-responsibility reduction does not punish him for exercise of Fifth Amendment right).

Second, the district court did not clearly err in denying the acceptance-of-responsibility reduction, *see United States v. Watson,* 390 F.3d 577, 579 (8th Cir.2004) (per curiam) (standard of review), because the timeliness of Malone's acceptance of responsibility—as demonstrated by his last-minute decision to plead guilty—was a factor that the court could properly consider, *see* U.S.S.G. § 3E1.1, comment. (n.1(h)).

Finally, reviewing Malone's sentence in accordance with *Booker,* —— U.S. at ——- ——, 125 S.Ct. at 764–67, we find that it is reasonable. Accordingly, we affirm.