# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2829
_____

United States of America

*Plaintiff - Appellee*

v.

Juan Carlos Rivera

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: May 16, 2014
Filed: May 20, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Juan Carlos Rivera appeals his conviction for aggravated sexual abuse of a person under the age of twelve in violation of 18 U.S.C. § 2241(c), claiming the evidence presented to the jury was insufficient to support the conviction. Rivera also

challenges two sentencing enhancements applied by the district court[1] when calculating the advisory guidelines range. We affirm.

I

The victim in this case was the younger sister of Rivera's girlfriend. At trial, the victim's testimony established Rivera sexually assaulted her at a time when she was eleven years old and Rivera was nineteen years old. The assault occurred in the basement of the victim's home, in a housing development on the Lake Traverse Indian Reservation in South Dakota, at a time when Rivera's girlfriend and brother ran to the store and left Rivera alone with the younger sister. The victim also testified Rivera had tried to kiss and fondle her on previous occasions, and gave her marijuana prior to the assault. The victim further testified – in the days and weeks following the assault – Rivera would occasionally expose himself to her and remind her that he was "her first."

The victim eventually reported the assault to her sister, and then her mother, who sent the victim to a counselor. The counselor reported the assault to the Federal Bureau of Investigation (FBI). Two FBI agents interviewed Rivera, and Rivera admitted during the interview to having sexual intercourse with the victim, explaining "everybody had been smoking marijuana and drinking, and that inhibitions had been lowered and so therefore it just happened." At trial, however, Rivera denied having sex with the victim, denied his admissions to the FBI agents, denied ever being alone with the victim, denied ever giving her marijuana, and denied exposing himself to her or trying to kiss and fondle her. Based on the evidence presented by the victim, the counselor, and the FBI agents, a jury convicted Rivera of aggravated sexual assault.

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

In calculating the advisory guidelines range prior to sentencing, the district court imposed a two level enhancement under United States Sentencing Guidelines Manual (U.S.S.G.) § 3A1.1(b)(1) (vulnerable victim), and a two level enhancement under U.S.S.G. § 3C1.1 (obstruction of justice) after finding Rivera perjured himself at trial. The district court ultimately sentenced Rivera to 210 months of imprisonment. Rivera filed a timely appeal claiming the evidence was insufficient to support the conviction and challenging the sentencing enhancements for vulnerable victim and obstruction of justice.

II

We review Rivera's sufficiency challenge by "viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences." United States v. Nicklas, 713 F.3d 435, 440 (8th Cir. 2013). Under that standard, Rivera's challenge fails because the testimony of the victim alone satisfied all the necessary elements of aggravated sexual abuse. See, e.g., United States v. Kirkie, 261 F.3d 761, 768 (8th Cir. 2001) (indicating a victim's testimony alone is sufficient to support a conviction).

Reviewing for clear error the district court's factual finding that the victim was a vulnerable victim, see United States v. Janis, 71 F.3d 308, 311 (8th Cir. 1995), we find no clear error. Contrary to Rivera's claim that the district court engaged in improper double-counting by applying the vulnerable victim enhancement based on the victim's age – notwithstanding the fact her age was already taken into account in charging Rivera with a violation of 18 U.S.C. § 2241(c) – the record clearly establishes the district court applied the enhancement based on Rivera's act of giving marijuana to the victim prior to the assault. See, e.g., United States v. Amedeo, 370 F.3d 1305, 1317 (11th Cir. 2004) (upholding a vulnerable victim enhancement where the defendant gave drugs to the victim to render him physically vulnerable to a nonconsensual sexual encounter).

Finally, reviewing for clear error the district court's factual finding that Rivera obstructed justice by perjuring himself at trial, see United States v. Mendoza-Gonzalez, 363 F.3d 788, 796 (8th Cir. 2004), we find no clear error. Rivera's multiple denials at trial were clearly material, and the district court was in a "superior position from which to judge credibility" for purposes of applying the obstruction enhancement. United States v. Stulock, 308 F.3d 922, 926 (8th Cir. 2002); see also United States v. Brown, 311 F.3d 886, 890 (8th Cir. 2002) ("We have repeatedly affirmed obstruction-of-justice enhancements, despite the absence of specific findings on the elements of perjury, when the evidence of the defendant's willfulness was unequivocal and the record left no doubt that the defendant's false testimony at trial was not the result of confusion, mistake, or faulty memory.") (internal quotation marks and citations omitted).

III

We affirm Rivera's conviction and sentence.

_____