# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-4216

———————

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　 *
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　v.　　　　　　　　　　　 *　District Court for the
　　　　　　　　　　　　　　　　　*　Southern District of Iowa.
Aaron Duane Rees,　　　　　　　 *
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　*

——————

Submitted: May 16, 2006
Filed: May 23, 2006

———————

Before WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

———————

RILEY, Circuit Judge.

Aaron Rees (Rees) appeals the district court's[1] denial of Rees's motion for judgment of acquittal or new trial following Rees's methamphetamine manufacturing convictions. We affirm.

## I.　BACKGROUND

A jury convicted Rees of one count of conspiracy to manufacture in excess of 500 grams of a mixture or substance containing methamphetamine, in violation of 21

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

U.S.C. §§ 841(b)(1)(A)(viii) and 846, and one count of use of a minor to manufacture methamphetamine, in violation of 21 U.S.C. § 861(a)(1). Count one was based in part on police recovery from Rees's home of two quantities of waste products, which together weighed in excess of 500 grams and contained minimal, but detectable amounts of methamphetamine. Following his convictions, Rees moved for a judgment of acquittal or for a new trial. As part of his argument, Rees first conceded the waste products found at his residence could be used, as a matter of law, to support his conviction:

> The Courts have held that the measure of a mixture or substance containing controlled substances, including methamphetamine, includes the total weight of the mixture or substance, and is not limited to the amount of usable drug. United States v. Kuenstler, 325 F.3d 1015, 1023 (8th Cir. 2003); Chapman v. United States, 500 U.S. 453, 461-62 (1991).

Rees argued, however, the evidence was insufficient to show he could have reasonably foreseen being held accountable for the mixtures found at his residence. See, e.g., United States v. Davidson, 195 F.3d 402, 410 (8th Cir. 1999) (Guidelines sentencing) (holding "a defendant in a drug conspiracy case is responsible for all contraband within the scope of criminal activity jointly undertaken by the defendant and reasonably foreseeable to her" (internal quotation and alterations omitted)). Rees rested his argument on a government witness's testimony that she had rarely, if ever, encountered a methamphetamine manufacturing byproduct like one of the waste products found at Rees's residence, thus no reasonable jury would find Rees could have foreseen that byproduct being used to support his conviction.

The district court denied the motion. Rees now argues, contrary to his concession before the district court, that courts may not include post-production

waste product, such as that found at his residence, as part of a "mixture or substance"containing methamphetamine.

## II. DISCUSSION

Following a conviction, we review de novo questions of sufficiency of the evidence, considering the evidence in the light most favorable to the government. United States v. Brooks, 174 F.3d 950, 954 (8th Cir. 1999). "An argument not raised below cannot be raised on appeal for the first time unless the obvious result would be a plain miscarriage of justice." United States v. Gutierrez, 130 F.3d 330, 332 (8th Cir. 1997) (internal quotation omitted).

We hold Rees waived his argument that post-production waste cannot be considered as part of a "mixture or substance" containing methamphetamine supporting a conviction under section 841(b)(1)(A)(viii). While Rees did raise an insufficiency of the evidence claim before the district court, Rees rested his argument on the rarity, and thus unforeseeability, of the drug manufacturing byproducts found at his residence. However, Rees specifically and unequivocally conceded the substances found at his residence could be used to support his conviction. Because Rees not only failed to raise his "mixture or substance" argument, but in fact expressly conceded the argument before the district court, we will not address it.

## III. CONCLUSION

For the reasons stated, we affirm the district court's denial of Rees's motion for judgment of acquittal or new trial, and affirm Rees's convictions.

_____