# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1804

_____

United States of America,        *
        *
        Appellee,        *
        *   Appeal from the United States
        v.        *   District Court for the
        *   Northern District of Iowa.
Tomas Garcia, also known as Angel   *
Garcia,        *   [UNPUBLISHED]
        *
        Appellant.        *

_____

Submitted: March 16, 2007
Filed: March 23, 2007

_____

Before RILEY, BOWMAN, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

Tomas Garcia (Garcia) pled guilty to conspiring to distribute powder cocaine and 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The district court[1] sentenced Garcia to 212 months' imprisonment on the conspiracy count and 60 months' imprisonment on the firearm count, to be served consecutively. Garcia appeals his sentence, arguing the

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

district court erred in considering objected-to factual information in the presentence investigation report (PSR).  We affirm.

## I.    BACKGROUND

Cooperating witness Roberto Afanador-Flores (Afanador-Flores) told Drug Enforcement Agency (DEA) Task Force officers he sold three pounds of methamphetamine and delivered 120 pounds or more of MSM (a methamphetamine cutting agent) to Garcia.  Pursuant to a search warrant, DEA officers searched Garcia's residence and seized cocaine, marijuana, over five pounds of methamphetamine cut with MSM, twenty-five pounds of MSM, various drug distribution paraphernalia, and two handguns.  DEA officers arrested Garcia and Garcia's roommate, Celestino Hernandez (Hernandez).  Hernandez informed the DEA officers Garcia (1) hired Hernandez to help with Garcia's drug business, and (2) paid Hernandez $300 per week to sell methamphetamine.

Garcia was indicted for conspiring to distribute powder cocaine and 500 grams or more of methamphetamine, and possessing a firearm in furtherance of a drug trafficking offense.  Garcia pled guilty to both counts.  Based on items seized during the search of Garcia's residence, and upon information provided to DEA officers during the debriefings of Afanador-Flores and Hernandez, the PSR determined Garcia was responsible for 159,557.37 kilograms of marijuana equivalent.  The PSR's advisory Guidelines sentencing range calculation started with a base offense level of 38, assessed a two-level increase for Garcia's leadership role in the offense and a three-level reduction for acceptance of responsibility, producing an adjusted offense level of 37.  Garcia's criminal history category II and total offense level of 37 resulted in an advisory Guidelines sentencing range of 235 to 293 months' imprisonment.

Garcia filed objections to the PSR's (1) inclusion of statements made by Afanador-Flores and Hernandez, (2) consideration of MSM in the drug quantity calculations, and (3) treatment as a leader or supervisor.  At the sentencing hearing,

the government informed the district court the parties reached an agreement, under the terms of which the government would not pursue the two-level enhancement for Garcia's leadership role in the offense, and in exchange, Garcia agreed to a base offense level of 38. The district court repeated the details of the agreement and Garcia's counsel confirmed the agreement. Thus, starting with a base offense level of 38 and reducing three levels for acceptance of responsibility, the district court found a total offense level of 35, with a criminal history category II, produced an advisory Guidelines sentencing range of 188 to 235 months. The district court sentenced Garcia to 212 months' imprisonment on the conspiracy count and a consecutive term of 60 months' imprisonment on the firearm count.

On appeal, Garcia argues the district court erred in considering objected-to facts in the PSR without requiring the government to prove the existence of those facts by a preponderance of the evidence.

## II.    DISCUSSION

"A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). When a defendant withdraws objections to a PSR, the defendant cannot raise those objections on appeal. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002). We will not address an argument the defendant expressly conceded in the district court. See United States v. Rees, 447 F.3d 1128, 1130 (8th Cir. 2006).

Garcia initially contested, with written objections, the factual basis for the drug quantity calculation in the PSR. However, based on Garcia's bargained-for agreement with the government, the district court started with a base offense level of 38 and its accompanying drug quantities, and in exchange, the government did not pursue the two-level enhancement for Garcia's leadership role in the offense. The district court verified the agreement and confirmed with Garcia's counsel the 30,000 kilograms of

marijuana equivalent required to start at a base offense level of 38. While discussing an appropriate sentence within the Guidelines range, Garcia's counsel acknowledged the Guidelines' drug quantity computation was based on (1) Afanador-Flores's testimony he sold Garcia MSM; (2) the twenty pounds of MSM the DEA officers found in Garcia's trailer; and (3) the other drugs found in Garcia's trailer, including the seven pounds of actual methamphetamine mixture. Garcia's counsel also admitted that based on the amount of MSM found, the district court could extrapolate the amount of methamphetamine mixture and reach the 30,000 kilograms of marijuana equivalent for a base offense level of 38. Garcia's counsel then conceded, "I think that our agreement under these circumstances, Your Honor, is reasonable."

On appeal, Garcia cannot argue the objections to the PSR he withdrew at sentencing. See United States v. White, 447 F.3d 1029, 1031-32 (8th Cir. 2006) (concluding defendant's written objections to facts in the PSR did not prevent the district court from considering those facts at sentencing without further evidence from the government because defendant withdrew objections at sentencing). Thus, Garcia's sentence is unreviewable.

## III.     CONCLUSION
For the reasons stated, we affirm Garcia's sentence.

_____