# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

No. 10-3438

—————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Brandin Christian Hagen, | * | |
| | * | |
| Appellant. | * | |

—————————

Submitted: March 18, 2011
Filed: June 6, 2011

—————————

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

—————————

GRUENDER, Circuit Judge.

In September of 2009, Brandin Hagen began a sexual relationship with N.M., the thirteen-year-old daughter of his girlfriend, with whom he resided in Fredericksburg, Iowa. The sexual contact began when Hagen, a twenty-seven-year-old truck driver, took N.M. on a trip in his semi tractor-trailer from Fredericksburg to Bonner Springs, Kansas—a one-way drive of approximately six-and-a-half hours. N.M. fell asleep in the truck and was awakened by Hagen fondling her breasts and vagina. N.M. pretended that she was still asleep in the hope that Hagen would stop, but he continued to touch her. While no sexual conduct beyond fondling occurred during this trip, Hagen's sexual abuse of N.M. progressed over the next several

months.  From September to December 2009, Hagen engaged in multiple sexual acts with N.M., including digitally penetrating her, performing oral sex on her, having her perform oral sex on him, and repeatedly engaging in sexual intercourse with her.  During this period, Hagen took N.M. on another trip to Bonner Springs.  After they arrived, Hagen engaged in sexual intercourse with N.M. on the bottom bunk in the sleeper area of his truck.  Hagen told N.M. to lie to her mother about the incident and tell her that they had slept in separate bunks.

In December 2009, N.M. informed staff at a medical clinic of Hagen's sexual abuse.  On February 18, 2010, a federal grand jury returned an indictment charging Hagen with transporting a minor with intent to engage in sexual activity, a violation of 18 U.S.C. § 2423(a), based on Hagen and N.M.'s second trip to Bonner Springs.  Hagen pled guilty, and the case proceeded to sentencing.  The district court[1] calculated an advisory sentencing guidelines range of 235 to 293 months' imprisonment, based on a total offense level of 38 and a criminal history category of I.  Hagen's total offense level resulted from a base offense level of 28, *see* U.S.S.G. § 2G1.3(a)(3), thirteen levels in enhancements, and a three-level reduction for acceptance of responsibility, *see* § 3E1.1.  The offense-level enhancements included a two-level enhancement for "unduly influenc[ing] a minor to engage in prohibited sexual conduct," *see* § 2G1.3(b)(2)(B), and a two-level vulnerable victim enhancement, *see* § 3A1.1(b)(1), both of which were applied over Hagen's objection.  Based on the sentencing considerations set forth in 18 U.S.C. § 3553(a), the court sentenced Hagen at the top of the advisory guidelines range, 293 months' imprisonment.  Hagen now appeals, contending that the district court committed significant procedural error in applying the undue influence and vulnerable victim enhancements.

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

When reviewing a defendant's sentence, we must "ensure that the district court committed no significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's construction and application of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009).

Section 2G1.3(b)(2)(B) of the sentencing guidelines instructs the court to add two levels if the defendant "unduly influenced a minor to engage in prohibited sexual conduct." The application notes counsel that "the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." § 2G1.3 cmt. n.3(B). Moreover, the application notes provide that where, as here, the defendant is at least ten years older than the minor victim, there is a rebuttable presumption that the enhancement applies. *Id.* The district court found that Hagen had not rebutted the presumption that the enhancement applied and that, on the contrary, the evidence supported the application of the enhancement. We review this factual finding for clear error. *United States v. Myers*, 481 F.3d 1107, 1112 (8th Cir. 2007).

The district court did not clearly err in finding that Hagen unduly influenced N.M. to engage in sexual conduct. As the district court found, N.M. was "immature, shy, without worldly skills, [and] naive," which made her subject to the influence of a man who was thirteen years older than her and in a relationship with her mother. Hagen developed his sexual abuse of N.M. gradually, beginning by fondling her breasts and vagina while she slept and only later progressing to more invasive sexual contact. *See United States v. Lay*, 583 F.3d 436, 445 (6th Cir. 2009) (upholding the undue influence enhancement because the district court "found facts that are consistent with a manipulative adult's building a relationship with a minor for the purpose of eventual sexual activity"). Later, he transported N.M. six hours away from her home and engaged in sexual intercourse with her, telling her to conceal the

encounter from her mother. *See United States v. Castellon*, 213 F. App'x. 732, 738 (10th Cir. 2007) (unpublished) (relying on the fact that the defendant "drove [the victim] all the way from Albuquerque to Mexico for [sexual] liaisons, all while she had no money and no identification" in affirming the district court's application of the undue influence enhancement). During at least one sexual encounter, Hagen engaged in forceful sexual intercourse with N.M. that caused her internal injury. Based on this evidence of undue influence, we are unpersuaded by Hagen's protestations that his mental health and learning deficiencies undermine the district court's determination that his influence over N.M. compromised the voluntariness of her behavior. Nor does Hagen's bare assertion that "[t]he victim traveled freely with defendant and had a months-long consensual sexual relationship with him" rebut the presumption that the section 2G1.3(b)(2)(B) enhancement applies. *See United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010) ("[T]he victim's willingness to engage in sexual activity is irrelevant [to the § 2G1.3(b)(2)(B) inquiry], in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation." (quoting *United States v. Dhingra*, 371 F.3d 557, 567-68 (9th Cir. 2004))).

Hagen also appeals the district court's application of a two-level enhancement pursuant to § 3A1.1(b)(1), which requires a finding that "the defendant knew or should have known that a victim of the offense was a vulnerable victim." At the time of the abuse, N.M. suffered from bipolar disorder and attention deficit disorder with hyperactivity. N.M. also had been sexually abused over the course of two years by one of her mother's previous boyfriends. Hagen concedes on appeal that N.M. qualified as a vulnerable victim for these reasons, challenging only the district court's determination that he knew or should have known of the vulnerability. "[W]hether a defendant knew or should have known of a victim's vulnerability [is a] factual determination[] that we review for clear error." *United States v. Replogle*, 628 F.3d 1026, 1030 (8th Cir. 2011).

The record supports the district court's finding that Hagen knew that N.M. was unusually vulnerable. Hagen concedes that he "was certainly aware of some of the facts that contributed to the victim's vulnerability." He admitted that he knew that N.M. had been abused by her mother's ex-boyfriend, that she suffered from bipolar disorder, and that she was on medication, including lithium. Hagen's only argument on appeal is that, because of his own learning disabilities, "it's difficult to say that he really had any understanding or appreciation of the victim's mental health or volitional capabilities," and he therefore could not have "deliberately and purposefully take[n] advantage of [the] victim's vulnerabilities." This argument fails to persuade because "the guideline application notes no longer require that the defendant target his victim because of the vulnerability." *United States v. Moskal*, 211 F.3d 1070, 1073 (8th Cir. 2000); *compare* § 3A1.1 cmt. n.1 (1993) ("This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity."), *with* § 3A1.1 cmt. n.2 (2009) ("[This adjustment] applies to offenses involving an unusually vulnerable victim."). Accordingly, we conclude that the district court did not clearly err in determining that Hagen knew or should have known that N.M. was unusually vulnerable.

For the foregoing reasons, we affirm Hagen's sentence.[2]

_____

[2] As Hagen does not challenge the substantive reasonableness of his sentence, we need not address that issue. *See United States v. Brown*, 550 F.3d 724, 729 n.4 (8th Cir. 2008).