# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-1337

———————————————

United States of America

*Plaintiff - Appellee*

v.

Steven S. Cowan

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: September 18, 2012
Filed: October 12, 2012

————————

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

————————

GRUENDER, Circuit Judge.

Steven Cowan pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] found that Cowan qualified for an enhanced base offense level under United States Sentencing Guidelines

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

§ 2K2.1(a)(2) based on two previous felony convictions that were crimes of violence under § 4B1.2(a)(2) and sentenced him to 85 months' imprisonment. In this appeal, Cowan's sole argument is that the residual clause in § 4B1.2(a)(2) is unconstitutionally vague. For the reasons discussed below, we affirm.

On December 2, 2010, officers from the Butler, Missouri Police Department learned that Cowan had contacted a confidential informant ("CI") to inquire if the CI was interested in purchasing a .380-caliber handgun. The CI made two recorded phone calls to Cowan to arrange the purchase of the gun. Police provided the CI with $200 of identifiable currency, equipped the CI with a recording device, and sent the CI to Cowan's home to purchase the gun. After the purchase, officers saw Cowan leave his home, and they arrested him during a traffic stop. The officers found in Cowan's pocket the currency that the CI had been given to purchase the gun. Further investigation revealed that Cowan had prior felony convictions and that the gun had been transported in interstate commerce.

Cowan pled guilty to being a felon in possession of a firearm on July 7, 2011, pursuant to a written plea agreement. The parties agreed that 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), did not apply and that the statutory maximum punishment was 10 years' imprisonment. The parties, however, did not agree on a sentencing guidelines base offense level.

At sentencing, the parties disputed whether Cowan's Missouri conviction for attempted escape from custody should be considered a crime of violence within the meaning of § 4B1.2. The district court agreed with the Government and applied a base offense level of 24 pursuant to § 2K2.1(a)(2), ultimately resulting in an advisory guidelines range of 70-87 months' imprisonment. The court sentenced Cowan to 85 months in custody, followed by three years of supervised release.

On appeal, Cowan for the first time raises the argument that the residual clause in § 4B1.2, which states that a crime of violence is one that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. Because Cowan did not raise this argument before the district court, we review for plain error. *See United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

> Before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*Pirani*, 406 F.3d at 550 (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

The district court here committed no error, much less plain error, because the Supreme Court twice has rejected arguments that a nearly identically worded residual clause in the ACCA was unconstitutionally vague. While Cowan relies on several dissenting opinions that contend that the ACCA's residual clause is unconstitutionally vague, *see Derby v. United States*, 564 U.S. ---, 131 S. Ct. 2858, 2858 (2011) (Scalia, J., dissenting from denial of certiorari); *Sykes v. United States*, 564 U.S. ---, 131 S. Ct. 2267, 2284 (2011) (Scalia, J., dissenting); *James v. United States*, 550 U.S. 192, 227-28 (2007) (Scalia, J., dissenting), the Supreme Court has rejected this argument. In *James*, for example, the Court expressly considered the argument that the Court's decision "leav[es] up in the air for judicial determination how much risk of physical injury each crime presents" and "leaves the lower courts and those subject to the law to sail upon a sea of doubt." 550 U.S. at 228. In rejecting the vagueness argument, the Court explained:

> While ACCA requires judges to make sometimes difficult evaluations of the risks posed by different offenses, we are not persuaded by Justice SCALIA's suggestion . . . that the residual provision is unconstitutionally vague. The statutory requirement that an unenumerated crime "otherwise involv[e] conduct that presents a serious potential risk of physical injury to another" is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits.

*Id.* at 210 n.6 (alteration in original) (internal citation omitted); *accord Sykes*, 564 U.S. ---, 131 S. Ct. at 2277 ("Although this approach may at times be more difficult for courts to implement, it is within congressional power to enact." (citing *James*, 550 U.S. at 210 n.6)); *see also United States v. Childs*, 403 F.3d 970, 972 (8th Cir. 2005) ("In addition, [defendant] argues that § 924(e) is unconstitutionally vague. We agree with every other circuit that has considered this argument and hold that it has no merit." (citing *United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995); *United States v. Sorenson*, 914 F.2d 173, 175 (9th Cir. 1990))).

As we have explained, the "definition of a predicate 'crime of violence' [in § 4B1.2] closely tracks ACCA's definition of 'violent felony.'" *United States v. Vincent*, 575 F.3d 820, 826 (8th Cir. 2009). As a result, "[a]lthough we have observed that the guideline and the statute may not always be interpreted in the same way, the cases interpreting § 924(e)(2)(B) can be instructive with respect to § 4B1.2(a), given the similar structure and wording of the two provisions." *United States v. Vinton*, 631 F.3d 476, 484 (8th Cir. 2011) (internal citations omitted). In fact, the residual clauses of the two provisions are identical. *See* 18 U.S.C. § 924(e)(2)(B)(ii); U.S.S.G. § 4B1.2(a)(2). Thus, based on Supreme Court precedent

in *James* and *Sykes*, we conclude that Cowan's argument that § 4B1.2 is unconstitutionally vague necessarily fails.[2]

For the reasons stated above, we affirm.

_____

_____

[2]Cowan does not argue on appeal that his Missouri conviction for escape from custody is not a crime of violence under § 4B1.2, so that argument is waived. *See United States v. Rees*, 447 F.3d 1128, 1130 (8th Cir. 2006). Nor does he challenge the substantive reasonableness of his sentence, so we need not address the issue here. *See United States v. Hagen*, 641 F.3d 268, 272 n.2 (8th Cir. 2011).