# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1383

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Joseph Frohlich

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: November 22, 2013
Filed: December 13, 2013

_____

Before RILEY, Chief Judge, BRIGHT and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Defendant Gregory Frohlich pled guilty to one count of transporting minors with intent to engage in unlawful sexual activity in violation of 18 U.S.C. § 2423(a).

At sentencing, the district court[1] applied a vulnerable victim enhancement under the United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 3A1.1(b)(1). Frohlich appeals, claiming that, because of his own intellectual limitations, the government's evidence failed to establish he knew or should have known of the victims' vulnerability. Having appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

Frohlich began sexually abusing his thirteen-year-old twin nieces in 2009, shortly after their adoptive mother had a stroke. This abuse continued for nearly two years. According to the twins, the abuse often happened at Frohlich's apartment in North Dakota, but at least two instances of abuse occurred when Frohlich took the twins to casinos in Minnesota.

Frohlich warned his nieces not to tell their mother about the sexual contact because she "may have another stroke and die." In April 2011, the twins' mother learned about the abuse and reported it to police. The police interviewed Frohlich about the allegations, and Frohlich later admitted inappropriately touching both girls repeatedly while they were in his care.

Frohlich pled guilty to one count of transporting minors with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). The presentence investigative report recommended a two-level enhancement for vulnerable victims under U.S.S.G. § 3A1.1(b)(1). Frohlich opposed the enhancement, arguing the twins were not vulnerable, and, even if they were, he was not aware of their vulnerability because of his own intellectual limitations. Frohlich supported his argument by

---

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

providing the district court with a psychological report indicating Frohlich suffered from borderline intellectual functioning.

At sentencing, the district court determined Frohlich knew or should have known the twins were vulnerable under the Guidelines. In reaching this determination, the district court considered two reports to which the parties stipulated. One report was an interview with the victims' mother. She stated the twins had attention deficit hyperactivity disorder (ADHD) and probable fetal alcohol syndrome (FAS), and she often had discussed the twins' problems with Frohlich. The second report was an interview with the twins' clinical social worker, who explained the victims regularly engaged in behavior inappropriate for their ages and "this would be very apparent to most people."

Based on this evidence, the district court had "little difficulty coming to the conclusion that [the] victims were vulnerable." The district court further decided the evidence established Frohlich knew the victims were vulnerable. The district court weighed the evidence and found particularly "compelling" Frohlich's warning to the twins that their mother might have another stroke and die if the twins told their mother about the sexual abuse, explaining "that's not the kind of thing that you ordinarily think you could say to a 13-year-old and modify their behavior, and I think that it's a reflection that those children were functioning at a lower-than-appropriate age level."

Frohlich requested that the district court reconsider the enhancement and presented testimony from his psychologist, Dr. Troy Ertelt, who suggested it would be difficult for Frohlich, with borderline intellectual functioning, to perceive the vulnerability of others. The district court denied Frohlich's request, but did take Frohlich's vulnerabilities into account in reducing Frohlich's sentence well below the

advisory Guidelines range for his offense conduct.[2]  Frohlich only appeals the adequacy of the government's evidence to prove whether he knew or should have known the twins were vulnerable victims.

## II.  DISCUSSION

"Whether a defendant knew or should have known of a victim's vulnerability is a factual determination that we review for clear error." United States v. Hagen, 641 F.3d 268, 271 (8th Cir. 2011) (quotation and internal marks omitted).  Reversal requires that "we have a 'definite and firm conviction that a mistake has been made.'" United States v. Garcia, 512 F.3d 1004, 1005 (8th Cir. 2008) (quoting United States v. Harry, 960 F.2d 51, 53 (8th Cir. 1992)).

The Guidelines provide a two-level sentencing enhancement "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1).  A vulnerable victim is an individual "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." Id. cmt. 2.

Frohlich analogizes his case to United States v. Myers, 481 F.3d 1107 (8th Cir. 2007).  In Myers, we affirmed the district court's refusal to apply a vulnerable victim enhancement to the defendant's Guidelines base offense calculation because the government offered no evidence indicating the defendant was ever informed that his fifteen-year-old victim had ADHD or that her disability was manifested in her behavior. Id. at 1111.  Frohlich's reliance on Myers is misplaced.

---

[2]The district court's Guidelines calculation for Frohlich's offense conduct was 38, yielding an advisory range of 235 to 293 months.  The district court sentenced Frohlich to 168 months incarceration.  Frohlich's 168 month sentence also is twenty months below the advisory Guidelines range without the challenged two-level vulnerable victim enhancement (188 to 235 months).

Frohlich does not dispute he was informed about and exposed to the twins' significant disabilities shortly after they were adopted. For nearly ten years, Frohlich regularly served as caretaker for the victims and observed them engage in behavior that was inappropriate for their ages. For nearly two years, Frohlich actively took steps to isolate the victims so he could abuse them, taking them away from home for hours, including out of state. Frohlich's substantial knowledge of the twins over many years, and Frohlich's conduct toward the twins, coupled with his caution to the twins that their mother might have another stroke and die if they told her about the abuse, together provide ample evidence Frohlich understood the twins were vulnerable, regardless of his purported intellectual limitations. See, e.g., Hagen, 641 F.3d at 271-72 (rejecting defendant's argument that his learning disability prevented him from understanding that the victim's mental disability and prior abuse history made her vulnerable to sexual abuse); United States v. Janis, 71 F.3d 308, 311 (8th Cir. 1995) (holding that the perpetrator who lived with the victim knew or should have known of her vulnerability given their regular contact and the victim's history of ADHD, FAS, and learning disabilities). The district court did not commit clear error in applying the vulnerable victim enhancement and did not abuse its sentencing discretion.

## III.  CONCLUSION

For the foregoing reasons, we affirm Frohlich's sentence.

_____