
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50064 |
| Plaintiff - Appellee, | D.C. No. 5:11-cr-00070-VAP-1 |
| v. | |
| JONATHAN PAUL CALVO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted December 10, 2014[**]
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

Defendant Jonathan Paul Calvo appeals his 240-month sentence imposed

following his guilty plea to enticement of a minor to engage in sexual activity, in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 2422(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for resentencing.

On appeal, Calvo challenges the district court's imposition of certain sentencing enhancements and the substantive reasonableness of his sentence. When reviewing a sentence, we first consider whether the district court committed significant procedural error. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "In determining whether the district court committed procedural error, we review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of a case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Brooks*, 610 F.3d 1186, 1198 (9th Cir. 2010).

First, Calvo challenges the district court's imposition of a five-level sentencing enhancement under U.S.S.G. § 4B1.5(b) for engaging in a pattern of prohibited sexual conduct with a minor. Under U.S.S.G. § 4B1.5(b), a five-level enhancement applies: "In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct[.]" The district court's application of this enhancement was proper because Calvo engaged in prohibited sexual conduct with a minor on

multiple separate occasions. *See United States v. Ferguson*, 560 F.3d 1060, 1066 (9th Cir. 2009). Further, the district court did not clearly err in finding that Calvo presented "a continuing danger to the public." U.S.S.G. § 4B1.5 cmt. (backg'd). Accordingly, the district court did not abuse its discretion by applying a five-level enhancement under U.S.S.G. § 4B1.5(b).

Second, Calvo challenges the district court's imposition of a two-level sentencing enhancement under U.S.S.G. § 2G1.3(b)(2)(B) for unduly influencing a minor to engage in prohibited sexual conduct. Under U.S.S.G. § 2G1.3(b)(2)(B), a two-level enhancement applies if the defendant "unduly influenced a minor to engage in prohibited sexual conduct." "Undue influence" is defined in the Guidelines as activity that "compromise[s] the voluntariness of the minor's behavior[.]" U.S.S.G. § 2G1.3 cmt. n.3(B); *accord United States v. Smith*, 719 F.3d 1120, 1125 (9th Cir. 2013); *see also United States v. Patterson*, 576 F.3d 431, 443 (7th Cir. 2009) ("[T]he defining characteristic of undue influence is that it involves a situation where the influencer has succeeded in altering the behavior of the target." (internal quotation marks omitted)). There is a rebuttable presumption that a defendant unduly influenced a minor when the defendant is at least ten years older than the victim. U.S.S.G. § 2G1.3 cmt. n.3(B).

A presumption of undue influence applies in the present case because Calvo is at least ten years older than the victim. However, the undisputed evidence in the record rebuts the presumption. The evidence shows that the victim went to the internet chatroom of her own accord, willingly befriended Calvo, voluntarily engaged in sexual banter with him, requested that he pick her up, and willingly engaged in the sexual acts at issue. There is simply no evidence that Calvo did or said anything to procure the victim's consent to conduct that she was not already inclined to do. The evidence shows that the victim was predisposed to engage in the conduct at issue and voluntarily consented to it. Although not a defense to the crime, this evidence is sufficient to rebut the presumption of undue influence, particularly in the absence of any evidence indicative of an attempt to pressure or persuade.[1]

Because Calvo rebutted the presumption of undue influence, for the enhancement to be applied, there must be evidence in the record showing that he

---

[1] We find the government's reliance on *United States v. Brooks*, 610 F.3d 1186 (9th Cir. 2010) unpersuasive, as *Brooks* is distinguishable from the present case. In *Brooks*, we found evidence showing the victim's willingness to engage in sexual activity irrelevant to the undue influence determination because the prohibited sexual conduct at issue was prostitution, and "[n]othing in the record suggest[ed] that the girls were inclined to engage in *commercial* sex acts before they met [the defendants]." *Id.* at 1199 (emphasis in original). In contrast, here, Calvo has presented the Court with evidence showing that the victim *was* inclined to go with him and engage in the specific sexual conduct at issue. In addition, we find the out-of-circuit cases cited by the Government unpersuasive and decline to follow their reasoning.

actually exerted undue influence over the victim.  There is none.  Accordingly, the district court should not have applied a two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B).

Because we remand for resentencing based on the district court's procedural error, we neither reach nor do we express any opinion as to whether Calvo's sentence is substantively reasonable.  *See, e.g.*, *United States v. Forrester*, 616 F.3d 929, 950 (9th Cir. 2010).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

*United States v. Calvo,* No. 13-50064

CHRISTEN, Circuit Judge, concurring in part and dissenting in part:

I agree that the district court did not abuse its discretion by applying a five-level enhancement under U.S.S.G. § 4B1.5(b), and concur with that part of the majority's disposition.

Because, in my view, Calvo has not shown that the district court abused its discretion by applying the two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B), I respectfully dissent from that part of the majority's reasoning. The record contains evidence that the victim was groomed. This supports the district court's finding of undue influence. The majority concludes that Calvo rebutted the presumption of undue influence through evidence of the victim's voluntariness, but that evidence is consistent with a victim subject to the influence of an online predator. L.S. willingly engaged in an online relationship with Calvo and requested that he pick her up, but this does not establish that she "willingly engaged in the sexual acts at issue." As several of our sister circuits have held, under these circumstances evidence of a victim's willingness does not render a district court's finding of undue influence clearly erroneous. *See United States v. Watkins*, 667 F.3d 254, 265 (2d Cir. 2012); *United States v. Hagen*, 641 F.3d 268, 270–71 (8th Cir. 2011); *United States v. Miller*, 601 F.3d 734, 737 (7th Cir. 2010); *United States v. Lay*, 583 F.3d 436, 445–46 (6th Cir. 2009).

Because I find no procedural error and no substantive unreasonableness, *see*

*United States v. Hilgers*, 560 F.3d 944, 948 (9th Cir. 2009), I would affirm the

district court's sentence.