CHRISTEN, Circuit Judge,
concurring in part and dissenting in part:
I agree that the district court did not abuse its discretion by applying a five-level enhancement under U.S.S.G. § 4B1.5(b), and concur with that part of the majority’s disposition.
Because, in my view, Calvo has not shown that the district court abused its discretion by applying the two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B), I respectfully dissent from that part of the majority’s reasoning. The record contains evidence that the victim was groomed. This supports the district court’s finding of undue influence. The majority concludes that Calvo rebutted the presumption of undue influence through evidence of the victim’s voluntariness, but that evidence is consistent with a victim subject to the influence of an online predator. L.S. willingly engaged in an online relationship with Calvo and requested that he pick her up, but this does not establish that she “willingly engaged in the sexual acts at issue.” As several of our sister circuits have held, under these circumstances evidence of a victim’s willingness does not render a district court’s finding of undue influence clearly erroneous. See United States v. Watkins, 667 F.3d 254, 265 (2d Cir.2012); United States v. Hagen, 641 F.3d 268, 270-71 (8th Cir.2011); United States v. Miller, 601 F.3d 734, 737 (7th Cir.2010); United States v. Lay, 583 F.3d 436, 445-46 (6th Cir.2009).
Because I find no procedural error and no substantive unreasonableness, see United States v. Hilgers, 560 F.3d 944, 948 (9th Cir.2009), I would affirm the district court’s sentence.