# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 14-2469

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Tyler G. Sullivan

*Defendant - Appellant*

————————————

Appeal from United States District Court
for the District of South Dakota - Aberdeen

————————————

Submitted: February 17, 2015
Filed: February 27, 2015
[Unpublished]

————————————

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

————————————

PER CURIAM.

Tyler Sullivan directly appeals the sentence the district court[1] imposed after he pled guilty to assisting his co-defendant as accessory after the fact to an assault resulting

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

in serious bodily injury. In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), his counsel challenges the district court's application of U.S.S.G. § 3A1.1(b)(1) (vulnerable-victim enhancement) in calculating Sullivan's advisory range under the United States Sentencing Guidelines. Counsel has moved to withdraw.

The district court did not clearly err in imposing the 2-level enhancement for a vulnerable victim. The evidence presented at the sentencing hearing was sufficient for the district court to find that Sullivan knew or should have known the victim was unusually vulnerable when she was assaulted by his co-defendant. *See United States v. Callaway*, 762 F.3d 754, 760 (8th Cir. 2014) (2-level enhancement appropriate if defendant knew or should have known victim of offense was unusually vulnerable due to physical or mental condition); *United States v. Hagen*, 641 F.3d 268, 271-72 (8th Cir. 2011) (whether defendant knew or should have known victim was vulnerable is fact determination reviewed for clear error); *United States v. Betone*, 636 F.3d 384, 388 (8th Cir. 2011) (upholding vulnerable victim enhancement where victim had passed out from intoxication); *United States v. Plenty*, 335 F.3d 732, 735 (8th Cir. 2003) (victim who was asleep and could not fight back was unusually vulnerable). An independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), reveals no nonfrivolous issues for appeal.

The judgment is affirmed. Counsel's motion to withdraw is granted.

_____