GRUENDER, Circuit Judge,
concurring.
The DeCosters do not challenge either the constitutionality of § 331(a) or the sufficiency of the factual basis for their pleas. Rather, they claim that due process concerns prevent them from being sentenced to prison for a crime involving no mens rea on their part because it is based solely on their positions as responsible corporate officers — i.e., vicarious liability. I agree with the dissent that imprisonment based on vicarious liability would raise serious due process concerns. However, because the district court found the DeCosters negligent, they were not held vicariously liable for violations committed by others, and this case thus does not implicate these concerns. I therefore concur in the judgment and join Judge Murphy’s opinion to the extent that it recognizes that the De- *637 Costers were negligent.[1]1 write separately in order to make clear my view that Park requires a finding of negligence in order to convict a responsible corporate officer under § 331.
The DeCosters pleaded guilty to misdemeanor violations of 21 U.S.C. § 331(a), which provides:
The following acts and the causing thereof are prohibited:
(a) The introduction or delivery for introduction into interstate commerce of any food ... that is adulterated or mis-branded.
A misdemeanor violation of § 331 is punishable by up to one year’s imprisonment. § 333(a)(1). On its face, § 331(a) appears to impose strict liability on defendants who introduce or cause to be introduced into interstate commerce any adulterated food. Cf. United States v. Carlson, 810 F.3d 544, 555 (8th Cir.2016) (applying strict liability standard to defendant convicted of misdemeanor violation of § 331 where defendant personally participated in violations). Nothing in the statute clearly states that a corporate officer can be imprisoned for acts committed solely by a subordinate. However, the Park Court read § 331 to hold corporate officers liable for “causing” violations committed by their subordinates. See United States v. Park, 421 U.S. 658, 673-74, 678-79, 95 S.Ct. 1903, 44 L.Ed.2d 489 (1975).[2] The question, then, is whether § 331 applies vicarious liability to corporate officers or whether corporate officers can only be in violation when they negligently fail to prevent their subordinates’ violations. For three reasons, I read Park to require a showing of negligence before exposing a responsible corporate officer to imprisonment for the acts of a subordinate.
First, the language from Park strongly suggests — if not outright asserts — that the Supreme Court adopted a negligence standard for a § 331 conviction. The Court noted that the FDCA “punishes ‘neglect where the law requires care, or inaction where it imposes a duty.’ ” Park, 421 U.S. at 671, 95 S.Ct. 1903 (quoting Morissette v. United States, 342 U.S. 246, 255, 72 S.Ct. 240, 96 L.Ed. 288 (1952)). A corporate officer is liable where he could have prevented a violation “with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities.” Id. (quoting Morissette, 342 U.S. at 256, 72 S.Ct. 240). According to the Court, the FDCA “imposes not only a positive duty to seek out and remedy violations when they occur but also, and primarily, a duty to implement measures that will insure that violations will not occur.” Id. at 672, 95 S.Ct. 1903. This language establishes negligence as the standard. See Black’s Law Dictionary (10th ed. 2014) (defining negligence as “[t]he failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar situation; any conduct that falls below the legal standard established to protect others against unreasonable risk of harm”). Moreover, the Park dissent expressly concluded that the Court had articulated a negligence standard. See id. at 678-79, 95 S.Ct. 1903 (Stewart, J., dissenting) (interpreting the majority opinion as establishing a negligence standard *638 but concluding that the jury instructions “did not conform to the standards that the Court itself sets out today”). Tellingly, the Park Court did not contest the dissent’s claim that the standard it had described amounted to negligence.
Second, I read the language from Park as establishing a negligence standard as a matter of constitutional avoidance. See Union Pac. R. Co. v. U.S. Dep’t of Homeland Sec., 738 F.3d 885, 892-93 (8th Cir.2013). The few courts that have considered the question all agree that imprisonment based on vicarious liability violates substantive due process. Lady J. Lingerie, Inc. v. City of Jacksonville, 176 F.3d 1358, 1367-68 (11th Cir.1999); Davis v. City of Peachtree City, 251 Ga. 219, 304 S.E.2d 701, 703 (1983); State v. Guminga, 395 N.W.2d 344, 345 (Minn.1986).[3] Section 333(a) imposes up to one year’s imprisonment for any misdemeanor violation of § 331. For this reason, I would interpret Park not to impose vicarious liability on executives under § 331. See, e.g., Clark v. Martinez, 543 U.S. 371, 380-81, 125 S.Ct. 716, 160 L.Ed.2d 734 (2005) (“[W]hen deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail — whether or not those constitutional problems pertain to the particular litigant before the Court.”).
Finally, reading Park to require negligence is consistent with the Supreme Court’s practice of interpreting statutes that fail to state a specific mens rea in a way that avoids “criminalizing] a broad range of apparently innocent conduct.” See Liparota v. United States, 471 U.S. 419, 426, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985). Here, given the broad range of conduct that would be criminalized under a vicarious liability standard — essentially all conduct committed by corporate officers that falls short of eliminating every possible FDCA violation — I instead read Park as providing that a corporate officer “causes” a subordinate’s violation of § 331 only when the violation resulted from the corporate officer’s negligence.
I concur in the judgment because the DeCosters were negligent in failing to prevent the FDCA violations. Both pleaded guilty to failing to prevent the introduction of adulterated food into interstate commerce despite holding “position[s] of sufficient authority ... to detect, prevent, and correct the sale” of the eggs. Further, I agree with Judge Murphy that the district court found sufficient facts to support the conclusion that the DeCosters were negligent.[4] In particular, the court concluded that the DeCosters “knew or should have known” about the risks presented by the insanitary conditions at Quality Eggs’s Iowa facilities and about the proper preventative and remedial measures that they should have taken in response. See Park, 421 U.S. at 671, 95 S.Ct. 1903 (“The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who as *639 sumed his responsibilities.” (quoting Morissette, 342 U.S. at 255, 72 S.Ct. 240)). The DeCosters’ challenge to their sentences relies on the premise that they were held vicariously liable for their subordinates’ violations — that is, liability was imputed to them based solely on their positions in the company. But because the DeCosters were negligent, their liability is not vicarious. Instead, they are responsible for their own failures to exercise reasonable care to prevent the introduction of adulterated food. The law is clear that a defendant can be sentenced to imprisonment based on negligence — or, for that matter, based on strict liability stemming from his own conduct. See Staples v. United States, 511 U.S. 600, 607 & n.3, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994); Morissette, 342 U.S. at 251 n. 8, 72 S.Ct. 240. I therefore concur in the judgment and join Judge Murphy’s opinion to the extent that it relies on the DeCosters’ negligence in affirming their sentences of imprisonment.

'. I also join Judge Murphy’s opinion in rejecting the DeCosters' Eighth Amendment challenge and their claims that the sentences are procedurally and substantively unreasonable.

. The dissent attempts to distinguish Park from this case by pointing out that the defendant in Park was convicted under § 331(k), not § 331(a). Yet the theory underlying Park prosecutions — that the executive "caused” the violation by breaching the duty of care to ensure compliance with the FDCA — comes from language that applies to all of § 331.

. See also Commonwealth v. Koczwara, 397 Pa. 575, 155 A.2d 825, 830 (1959) (holding that imprisonment for vicarious liability crime violated due process under Pennsylvania Constitution).

. The DeCosters agreed to have the district court sentence them based on facts found at sentencing. While the DeCosters objected at sentencing to potential imprisonment on Sixth Amendment grounds, see Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), they do not argue this point on appeal and therefore waive this objection. See United States v. Cowan, 696 F.3d 706, 709 n. 2 (8th Cir.2012).