# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-1247

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jordan Clarence Rogers, also known as Jordon Clarence Rogers

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: November 17, 2017
Filed: February 6, 2018

——————————

Before COLLOTON and GRUENDER, Circuit Judges, and READE, District Judge.[1]

——————————

GRUENDER, Circuit Judge.

Jordan Rogers repeatedly pointed a laser at a police helicopter, temporarily blinding the pilot, and pleaded guilty to one count of aiming a laser at an aircraft in

———————————————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, sitting by designation.

violation of 18 U.S.C. § 39A. On appeal, Rogers challenges the district court's[2] application of a nine-level sentencing enhancement for recklessly endangering the safety of an aircraft, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2A5.2(a)(2). Because the district court did not clearly err in determining that Rogers recklessly endangered the safety of an aircraft, we affirm.

At sentencing, the district court heard testimony from FBI Special Agent Karen Jarman. According to Jarman, Rogers initially denied knowing that his laser hit the helicopter. She interviewed him a second time after speaking to the pilot. Rogers then admitted he intentionally pointed his laser at the helicopter. Rogers claimed he did not know that anyone could be hurt, and Jarman explained to him the dangers of pointing a laser at an aircraft. But according to Jarman, Rogers also admitted he knew his conduct was illegal. Moreover, the district court received an exhibit containing police reports with statements from Rogers's neighbors. One neighbor recalled Rogers shining the laser at him as he drove his car but aiming it away as the car turned and its headlights began to illuminate Rogers.

The district court concluded that Rogers "showed that he was aware of the reckless endangerment that his actions caused by shining the laser at the aircraft." As the court explained,

> He knew it was illegal. He did it on purpose. He followed the aircraft. He had exhibited his knowledge of the dangerousness by pointing the laser at a car earlier and then interrupting that activity when his presence was discovered or the car was turning toward him. He lied to the police. He did try to conceal himself immediately after the conduct of pointing the laser at the helicopter . . . .

---

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

The district court overruled Rogers's objection and applied the enhancement. Thus, Rogers's advisory guidelines range was 41 to 51 months, and the district court imposed a sentence of 36 months' imprisonment.

When reviewing the district court's determination of the advisory sentencing guidelines range, we review the district court's factual findings for clear error and its construction and application of the guidelines *de novo*. *United States v. Hagen*, 641 F.3d 268, 270 (8th Cir. 2011). In particular, we review a district court's finding of recklessness for clear error. *United States v. Valdez*, 146 F.3d 547, 554 (8th Cir. 1998). "[A]s long as the determination is plausible in light of the record as a whole, clear error does not exist." *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007).

Though § 2A5.2 does not define "reckless," the parties agree that we should use the definition from the application notes for § 2A1.4 cmt. (n.1) (involuntary manslaughter). This provision defines reckless as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4 cmt. (n.1).

Although it is a close question, we conclude that the district court did not clearly err in finding that Rogers recklessly endangered the safety of an aircraft. As Rogers's attorney admitted at oral argument, his earlier behavior in turning away the laser from the automobile established that he was aware of the danger of shining a laser at someone operating a vehicle. In addition, Special Agent Jarman testified that Rogers admitted he knew shining the laser at an aircraft was wrong. In sum, Rogers knew his conduct was wrong and knew it posed a risk to the driver of an automobile. Thus, it was reasonable for the district court to infer he was aware of the danger of

pointing his laser at an aircraft. As a result, the district court's finding was "plausible in light of the record as a whole." *See Farrington*, 499 F.3d at 859.

Rogers warns that applying the enhancement in this case means that the enhancement must apply to *every* violation of 18 U.S.C. § 39A. We disagree. The record must show, as it did here, that the defendant was aware of the risk to the aircraft and grossly deviated from the standard of care in disregarding it. For this reason, this case is distinguishable from the Ninth Circuit's opinion in *United States v. Gardenhire*, 784 F.3d 1277 (9th Cir. 2015). In *Gardenhire*, the record was "devoid of evidence" that the defendant was aware of the risk created by his conduct. *Id.* at 1280. Here, by contrast, evidence supported the district court's conclusion that Rogers was reckless. Insofar as *Gardenhire*'s reasoning might forbid a district court to rely on a defendant's knowledge that a laser beam can blind or endanger a person on the ground to infer knowledge of the risk to a piloted aircraft, we disagree.

For the foregoing reasons, we affirm Rogers's sentence.

_____